(99 South. 796)

No. 26018.

### BROWN v. SCOTT et al.

(March 31, 1924.)

*(Syllabus by Editorial Staff.)*

Mines and minerals ⊕⇒74—Contract for assignment of lease held not to bind assignors to remedy defect in title.

Where defendants, as owners of an oil and gas lease, gave plaintiff a written assignment thereof, which, together with a $6,000 check of plaintiff, was deposited in a bank under an agreement that defendants should furnish an abstract which plaintiff should have 10 days to examine, the bank being authorized to turn over check to defendants on the statement of plaintiff's attorney that the title was good and merchantable, defendants "binding and obligating themselves to transfer a good and merchantable title to said lands," *held* that, on the discovery of a flaw in the title, the parties were to be restored to their previous situation, and there was no obligation on defendants to remedy the defect in the title.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by H. Clay Brown against M. Scott and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Dickson & Denny, of Shreveport, for appellant.

Cook & Cook, of Fayetteville, for appellees.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Plaintiff appeals from a judgment which rejects his demand against the defendants in solido for $34,000, damages based upon the difference between the price stipulated in a promise of sale of an oil and gas lease and its alleged increased value at the time this suit was filed.

On September 13, 1919, the defendants made a written assignment of a certain 80-acre oil and gas lease which was accepted by plaintiff under the following suspensive conditions: (1) That plaintiff's check for $6,000 attached to the written assignment, as well as the assignment, be deposited in the First National Bank of Shreveport; (2) that the defendants should within 10 days furnish plaintiff a full and complete abstract, certified by a competent abstractor; (3) that plaintiff should then have a period of 10 days from the date of delivery of said abstract in which to have same examined by his attorney. It was further agreed:

"That said bank shall be authorized to turn over to parties of the first part [defendants] party of the second part [plaintiff] that the title to said land is good and merchantable; the check for $6,000.00, attached hereto, upon the statement from an attorney representing the parties of the first part [defendants] binding and obligating themselves to transfer a good and merchantable title to said lands."

It is admitted that the written assignment and the attached check were duly deposited in bank, that an abstract from a competent abstractor was furnished in due time, and that plaintiff's attorneys were given full 10 days within which to pass upon the title; the latter period expiring under the agreement, on October 4, 1919. It is also a fact that plaintiff's attorneys rejected the title because in a transfer of the land, made in 1898, by W. J. Behan and W. H. Jack to Neal Figures, the sale was signed by Jack acting for himself and as agent of Behan, and there was no evidence of record to show the authority of Jack.

The clause in the written assignment, which we have copied and quoted in full, is not altogether free from ambiguity. It is not clear from its language, in case there should appear some defect in the title, whether it was the intent of the parties that defendants should be compelled to remedy such defect, or whether the intent was that the

155 LA.—32

appearance of such defect would merely be a justification for plaintiff to reject the title.

Plaintiff, of course, contends that the proper construction of the agreement is that defendants bound themselves according to the first alternative. He charges in his petition, first, that defendants refused to provide him with a complete abstract, and, second, that they refused to have the defects in the title corrected. The first charge is unsupported. The abstract was complete and was signed by a competent abstractor. If there was anything missing, it was not in the abstract; but it was in the conveyance record. There was no record evidence of the power of attorney from Behan to Jack. In substantiation of the second charge plaintiff alleges that—

"Defendants requested and that he the plaintiff gave additional time, and extended the time specified in the contract in order that defendants might comply with the stipulations of said contract and this time was extended until the 8th day of October, 1919, etc."

The evidence does not support the allegation that defendants requested additional time, nor, therefore, that plaintiff gave any additional time in compliance with such request. But it does appear that when informed of the fact that the power of attorney from Behan to Jack, authorizing the sale to Figures, was not of record, defendants did in their own interest make an attempt to find such a power of attorney.

Our own opinion is that the parties to the written assignment intended that the title tendered by defendants to plaintiff should be good and merchantable, and, if it were not good and merchantable, that the only effect would be to restore the parties to the same situation which they had previously occupied; that, in such event, plaintiff was to get the return of his check and the defendants the return of their written assignment. There was no express or implied guaranty under penalty that the defendants should perfect the title if it were not good and mer-

chantable. The construction placed upon the agreement by plaintiff and his attempt to hold defendants liable in a large amount of damages for nonperformance in accordance with that construction is not supported by the language of the agreement nor by the conduct of the parties after the agreement had been signed. Nothing fluctuates more rapidly or to a greater extent than the value of an oil and gas lease in unproven territory. Such value is purely speculative. Defendants and plaintiff had agreed on a price of $6,000, and defendants were satisfied to obtain the same price from another purchaser on October 8th after plaintiff had rejected their offer.

To hold that defendants consented to make themselves liable in a penalty for an amount indeterminate and purely speculative and without any apparent consideration is neither sanctioned by reason, nor by the conduct of parties, nor by the language of the agreement.

The judgment appealed from is therefore affirmed.